UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CECIL G. JORGENSON and ALLEN K. GREGORY,<br><br>Plaintiffs,<br><br>v.<br><br>ALAN RITCHEY, INC., RESOURCE CONSULTANTS, INC., DYNCORP, DDD COMPANY, GFI GENFARE, and NEW BREED CORPORATION, a.k.a. NEW BREED LEASING CORPORATION,<br><br>Defendants. | No. C01-588Z<br><br>ORDER |

## BACKGROUND

This matter comes before the Court on Defendant Alan Ritchey, Inc.'s ("ARI") Motion to Dismiss, docket no. 85. The Court has previously allowed Plaintiff-relators Cecil Jorgenson and Allen Gregory to amend their Complaint in response to various other motions to dismiss. Accordingly, the Court now considers Plaintiffs Fourth Amended Complaint, docket no. 84. The Court previously ruled that no further amendment of the Complaint would be permitted. See Minute Order, docket no. 83.

ORDER 1–

1     Plaintiffs filed this *qui tam* lawsuit on April 20, 2001. See Compl., docket no. 1. The
2 original Complaint set forth various "Lot Numbers" and "Repair Order Numbers" for
3 containers and rolling stock that were "not worked on at all, yet the repair orders are signed
4 off as completed, and the Postal Service is billed for work that is thus not done." See
5 Compl., docket no. 1, ¶¶ 4, 5. Plaintiffs have amended their Complaint several times, and
6 with each amendment have added detail regarding their allegations of fraudulent activities
7 and false claims. The Fourth Amended Complaint alleges that ARI, including Plant Manager
8 Mark Pyne, conspired to bill the Postal Service for services that were not performed, in
9 violation of the False Claims Act, 31 U.S.C. § 3729. See Fourth Am. Compl., docket no. 84,
10 ¶ 3.24.

    Plaintiffs allege that ARI fraudulently boosted profits at the expense of the United States Postal Service. The Fourth Amended Complaint alleges the following fraudulent activities with regard to containers and rolling stock:

- Containers were not worked on at all, yet the repair orders were falsely signed off as completed. Id. ¶ 3.18.
- Containers did not need repair but were falsely marked for repair. Id. ¶ 3.19.
- Containers were deliberately damaged, and then repaired. Id. ¶ 3.20.
- Containers had superficial welds placed over nonexistent cracks. Id. ¶ 3.21.
- Containers were "rigged" to fail initial inspections so they would be sent in for repair. Id. ¶ 3.22.
- Improper reporting of work done to Postal Service standards. Id. ¶ 3.23.
- Employees were pressured to maintain unreasonable work rates, and to sign off on improperly completed welds and welds not actually done. Id. ¶ 3.24.
- Casters on carts were falsely reported as having been replaced with "new" parts. Id. ¶ 3.25.
- Inspectors were pressured to falsely sign off on "completed" work. Id. ¶ 3.26.
- "Management agents" pressured department managers to increase the welders' throughput, and to keep them working even when no repairs were needed. Id. ¶ 3.27.

ORDER  2–

In addition, Plaintiffs provide a list of lot numbers and repair order numbers which are "some" of the container repairs alleged top have been improperly performed by ARI. Id. ¶ 3.40.  Plaintiffs do not provide details regarding the actual submission of false claims to the Postal Service, but have alleged that ARI's information management system "OSIS," or "On Site Information System," was used to track order fulfillment and billing to the Postal Service. See id. ¶ 3.34.  Plaintiffs have alleged that they witnessed falsely documented repair work, which was used to submit false claims to the United States.

The United States investigated the allegations of false claims and settled with Defendant Dyncorp, who was dismissed from this lawsuit on June 12, 2006.  See Order of Dismissal, docket no. 61.  The United States declined to intervene as to the remaining Defendants, and Plaintiffs continue the case without the Government's participation. Plaintiffs' Fourth Amended Complaint was filed on September 17, 2006.  Defendant ARI now moves to dismiss the Fourth Amended Complaint, based on the Plaintiffs' failure "to specifically allege a single false claim."

## DISCUSSION

The False Claims Act imposes liability on any person who attempts to defraud the federal government of property or money.  31 U.S.C. § 3729 ("§ 3729").  Federal Rule of Civil Procedure 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "To comply with Rule 9(b), allegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)).  These heightened pleading requirements may be relaxed under certain limited circumstances, including when the information is within the opposing party's knowledge.  Neubronner, 6 F.3d at 672.  ARI alleges that Plaintiffs fail to

ORDER  3–

satisfy the pleading requirements of Rules 9(b) and 12(b)(6), and ask the Court to dismiss all of Plaintiffs' claims with prejudice.

**A.     Claims under § 3729(a)(1) and (a)(2) relating to the Auburn, Washington plant.**

Section 3729(a)(1) prohibits the presentation of a false claim for payment to the United States, while § 3729(a)(2) prohibits the creation and submission of a false record or statement, when the submission is done in an attempt to get a false claim paid by the United States. United States v. Southland Management Corp., 326 F.3d 669, 675 (5th Cir. 2003). Under § 3729(a)(1), the Plaintiffs must plead the presentation of a false claim for payment, while under § 3729(a)(2) a Plaintiffs must plead both a false "record or statement" and the payment or approval of a false claim; there is no liability for a false statement unless it is used to get false claim paid. Southland Management Corp., 326 F.3d at 675.

Plaintiff's Fourth Amended Complaint alleges a litany of improper actions related to rolling stock repairs at ARI's Auburn, Washington plant. See, e.g., Fourth Am. Compl., docket no. 84, ¶¶ 3.18-3.27. The Defendant contends, however, that the Complaint does not actually allege the payment of a false claim. Plaintiffs concede they were not responsible for billing. See Response, docket no. 86, at 14. However, they urge the Court to find that their preparation of false records of repair gives rise to a reasonable inference that false claims were submitted. In addition, Plaintiffs recent amendment added claims under § 3729(a)(2) for preparation of a "false record or statement" used to get a false or fraudulent claim paid by the United States. See Fourth Am. Compl., docket no. 84, at 4.7.

In C00-2191Z, the Court recently discussed the substance of the allegations in this case, noting they contained sufficient detail regarding the fraud to withstand ARI's Motion to Dismiss. See Harris v. Alan Ritchey, Inc., No. 00-2191, Order, docket no. 90. As the Court noted in Harris, Plaintiffs Jorgenson and Gregory have provided sufficient detail to meet the requirements of Rule 9(b). Plaintiffs' allege direct personal knowledge of repair orders that were falsely signed off, equipment that was improperly marked for repair, and various other

ORDER  4–

improper actions related to work performed for the Postal Service.  Taken together, the Fourth Amended Complaint states a claim under § 3729(a)(1) and (a)(2).  Plaintiffs allege the preparation of false records and repair orders to substantiate allegedly false and fraudulent claims.  See, e.g., Fourth Am. Compl., docket no. 84, ¶¶ 3.18.  In addition, Plaintiffs allege that the OSIS system was used to catalog improperly performed repairs.  Accordingly, Defendant's Motion to Dismiss Plaintiffs' Claims under § 3729(a)(1) and (a)(2) is DENIED.

**B.     Claims related to ARI Plants Other than Auburn, Washington.**

Certain allegations in Plaintiffs' Fourth Amended Complaint are identical to allegations in the Complaint of Edward Harris in Harris v. Alan Ritchey, Inc., No. 00-2191.  This includes the allegation, dismissed by the Court in Harris, that fraudulent claims were initiated in locations other than Auburn, Washington.

> [f]alse claims were also initiated at ARI's other MTESC facilities.  They include Long Island, New York, Springfield, Massachusetts, Minneapolis, Minnesota, Philadelphia, Pennsylvania, and San Francisco, California.

Fourth Am. Compl., docket no. 84, ¶ 3.54.  As the Court noted in Harris, alleged fraudulent activity at one plant does not constitute an allegation for a different plant.  Because Plaintiffs fail to allege any specific information relating to fraud at other plants, Plaintiffs' claims relating to ARI plants other than Auburn, Washington, are DISMISSED.

**C.     Claims under § 3729(a)(3).**

Section 3729(a)(3) makes unlawful a "conspiracy" to defraud the United States Government by getting a false or fraudulent claim paid by the United States.  The Gregory Declaration, docket no. 37, purports to set forth the facts of a conspiracy which are incorporated by reference into the Fourth Amended Complaint.  See Fourth Am. Compl., docket no. 84, at ¶ 3.65.  Mr. Gregory alleges personal knowledge of improper training procedures designed to increase the submission of false claims to the Postal Service, including increasing the number of containers directed to repair, "rigging" of containers for

ORDER   5–

repair, and improperly setting containers for inspection failure.  <u>See</u> Gregory Declaration, docket no. 37, at ¶¶ 5-8.  Absent, however, are facts relating to an agreement or conspiracy between New Breed, ARI, or any other third party.  The facts alleged even suggest otherwise, indicating a later discovery by ARI of "bad practices" brought back from New Breed:

> [o]nce these practices were discovered by plant management, I was instructed to use them regularly to keep the profits up in container repair which in the first year or more helped offset the losses being realized by the other departments.

Gregory Declaration, docket no. 37, ¶ 8.

A fraudulent conspiracy pleading must comport with Rule 9(b).  <u>See</u>, <u>e.g.</u>, <u>Vess v. Ciba-Geigy Corp, U.S.A.</u>, 317 F.3d 1097, 1108 (9th Cir. 2003).  To substantiate a claim for fraudulent conspiracy under § 3729(a)(3), Plaintiffs must plead the facts and circumstances relating to the conspiracy.  Plaintiffs have failed to satisfy the heightened pleading requirements of Rule 9(b) and have failed to plead facts regarding a conspiracy pursuant to § 3729(a)(3) .  Accordingly, Plaintiff's claims pursuant to § 3729(a)(3) are DISMISSED.

## CONCLUSION

For the reasons stated in this Order, the Court GRANTS IN PART and DENIES IN PART Defendant ARI's Motion to Dismiss, docket no. 85.  The Court DENIES the Defendant's Motion to Dismiss as it relates to Plaintiffs' claims under § 3729(a)(1) and (a)(2).  The Court DISMISSES WITH PREJUDICE Plaintiffs' claims under § 3729(a)(3) and Plaintiffs' claims relating to ARI plants in other locations.

IT IS SO ORDERED.

DATED this 27th day of April, 2007.

Thomas S. Zilly
United States District Judge

ORDER  6–

ORDER 7–